**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTINE STAWNICZY,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0845-16-0276-I-1 |
| 　　　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: July 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Christine Stawniczy, Bayshore, New York, pro se.

Carla Robinson, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she had been overpaid Federal Employees' Retirement System (FERS) disability retirement benefits and denying her request for a waiver of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

collection of the overpayment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant was without fault in creating the overpayment, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant has appealed OPM's reconsideration decision finding that she received an overpayment of disability retirement benefits under FERS and she was not entitled to a waiver of the overpayment. Initial Appeal File (IAF), Tab 1, Tab 9 at 7-11. The appellant applied for disability retirement on December 29, 2005, at age 54 with approximately 15 years of Federal service. IAF, Tab 9 at 85-87. On May 17, 2006, OPM notified her by letter that it had approved her retirement application. *Id.* at 96-98. The letter stated that the appellant would have to confirm with OPM that she had applied for Social Security disability benefits and that, if the Social Security Administration (SSA) granted such benefits, she would have to immediately notify OPM of the amount and the effective date of the monthly payments. *Id.* at 96-97. The letter also explained the formula for the recomputation of the appellant's FERS disability annuity once

she started to receive Social Security benefits and informed her that she should refrain from negotiating Social Security checks until her FERS benefit had been reduced, as the checks would be needed to reimburse OPM for any overpayments she received prior to the recomputation of her FERS annuity. *Id.* at 97.

¶3     The appellant asserted that she originally sought Social Security disability benefits in 2006, as OPM instructed, but her application was denied. IAF, Tab 9 at 7, 99; *see also* Petition for Review (PFR) File, Tab 1 at 3.[2] On July 30, 2006, OPM finalized the appellant's FERS disability annuity with no reduction for Social Security benefits because she had not yet started receiving such benefits. IAF, Tab 9 at 99. OPM advised her that, if she were to receive Social Security benefits in the future, she would have to inform OPM of that fact and she should hold any retroactive payment received from SSA to repay OPM for the duplicate benefits she had received. *Id.* The July 30, 2006 letter included instructions for informing OPM if and when she started to receive Social Security benefits. *Id.* at 99-100.

¶4     On March 14, 2010, SSA notified the appellant that she would receive monthly disability benefits of $1,412.00 effective May 2008 and that she would soon receive a retroactive payment of $20,888.50 for the period of May 2008 through February 2010. *Id.* at 101-06. The appellant asserted that, on March 18, 2010, she mailed OPM a copy of SSA's award notice, and she called OPM several times to follow up over the next few months. *Id.* at 18. She also emailed OPM on August 12, 2010, to ascertain if that agency had reviewed her award notice from SSA. *Id.* at 25-28. On September 16, 2010, OPM sent the appellant an email message stating that her case was in its Washington, D.C. office for review and a response would be forthcoming. *Id.* at 28. The appellant maintained that

---

[2] The appellant accurately points out in her petition for review that any mention of her 2006 application for Social Security benefits had been omitted from the initial decision. PFR File, Tab 1 at 3; IAF, Tab 36 at 4-6. We correct that omission here.

she heard nothing more from OPM until she received the September 21, 2013 notice of overpayment. *Id.* at 18.

¶5 The notice of overpayment states that the appellant was overpaid $53,970.00 for the period of May 1, 2008, through August 30, 2013. *Id.* at 63-67. The notice also states that OPM would collect the full amount of the overpayment from her annuity in 294 monthly installments of $183.16 and a final installment of $120.96. *Id.* On October 15, 2013, the appellant requested that OPM waive collection of the overpayment. *Id.* at 18. In her request, she stated that any decrease in her annuity would cause her great financial hardship. *Id.* The appellant completed a Financial Resources Questionnaire (FRQ) at this time. *Id.* at 19-21. The October 15, 2013 FRQ states that the appellant's total monthly income was $2,383.00 and her total monthly expenses were $2,603.00. *Id.* at 19.

¶6 On June 16, 2016, OPM requested updated information from the appellant regarding her financial circumstances and gave her a new blank FRQ form to complete. *Id.* at 15. On June 29, 2016, the appellant submitted an updated FRQ, which showed her total monthly income as $2,764.00 and her monthly expenses as $2,744.24. *Id.* at 12-14. Again, she requested waiver of collection of the overpayment. *Id.* at 14. She stated that she was not at fault in creating the overpayment, had difficulty meeting her other monthly obligations, and suffered from mobility problems caused by her knees. *Id.*

¶7 OPM rendered its reconsideration decision on August 8, 2016, affirming its initial decision. *Id.* at 7-11. OPM denied the appellant's request for waiver of the collection of the overpayment and found that collection at the scheduled rate of repayment would not cause her a financial hardship. *Id.* at 10. In doing so, OPM examined the appellant's claimed expenses and found that some of them did not meet the ordinary and necessary criteria based on a standard of reasonableness, including purchases and repairs that were infrequently made or unlikely to recur during the period of recovery. *Id.* OPM retained the existing

collection schedule of 294 monthly installments of $183.16 with a final installment of $120.96. *Id.* This appeal followed. IAF, Tab 1.

¶8    The administrative judge held a hearing at the appellant's request. IAF, Tab 25. The administrative judge found that OPM proved the existence and amount of the overpayment and that the appellant was not entitled to a waiver of the collection of the overpayment, i.e., she knew of her obligation to set aside the SSA payments, but she failed to do so, and there were no exceptional circumstances precluding OPM's recovery of the overpayment. IAF, Tab 36, Initial Decision (ID) at 7-8. She further found that the appellant was not entitled to an adjustment in the recovery schedule. ID at 8-10. The administrative judge specifically pointed out that, during the course of the appeal, the appellant sold her home and moved in with one of her daughters. ID at 9. Although the appellant paid her daughter $450 to $500 per month in rent, the move had reduced her monthly expenses from $2,744.24 to $1,979.97 because she was no longer paying a mortgage, utilities, or household maintenance expenses. ID at 9-10. Additionally, the sale of her home left the appellant with liquid assets, including balances of $80,058.09 in a savings account, $4,001.75 in a checking account, and $1,205.63 in another checking account. ID at 9. The administrative judge thus found OPM's collection schedule to be reasonable. ID at 10. Should the appellant's expenses increase in the future, the administrative judge noted, she could ask OPM to lower her payments or to compromise, suspend payment of, or write off the debt. *Id.* The appellant has filed a petition for review. PFR File, Tab 1.

## ANALYSIS

¶9    We have considered the appellant's arguments and find that the administrative judge reached the correct conclusions in this case. A waiver of the collection of an annuity overpayment may be granted when the annuitant is without fault and recovery would be against equity and good conscience.

5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. At the outset, we find that the administrative judge made no direct finding as to whether the appellant was without fault in her assessment of whether the appellant was entitled to a waiver of collection of the overpayment.[3] A recipient of an overpayment is without fault if she performed no act of commission or omission that resulted in the overpayment. 5 C.F.R. § 845.302. One of the pertinent considerations when considering whether the recipient of an overpayment is at fault is whether "she accepted a payment that . . . she knew or should have known to be erroneous." 5 C.F.R. § 845.302(a)(3). However, even an individual who accepts an overpayment will automatically be found without fault, regardless of whether she knew or should have known that the payment was erroneous, if she notified OPM within 60 days of receiving the overpayment. *Gulan v. Office of Personnel Management*, 86 M.S.P.R. 16, ¶ 8 (2000). Here, the appellant contacted OPM within 4 days after she received her SSA award notice and periodically recontacted OPM until an initial decision was issued. IAF, Tab 9 at 18, 25-28. We thus find that the appellant was without fault. The remaining issue, therefore, is whether she proved by substantial evidence[4] that recovery of the overpayment is against equity and good conscience. *See* 5 U.S.C. § 8470(b); *Hunter v. Office of Personnel Management*, 109 M.S.P.R. 514, ¶ 11 (2008), *aff'd*, 2009 WL 174169 (Fed. Cir. Jan. 27, 2009); 5 C.F.R. §§ 845.301, 1201.56(b)(2)(ii).

¶10   On review, the appellant reasserts her argument that OPM should waive collection of the overpayment because the agency "did not respond in a timely manner which caused additional overpayment from March 22, 2010[,] thr[ough] August 30, 2013." PFR File, Tab 1 at 1. She asserts that she timely filed all

---

[3] Without making an explicit finding, OPM's reconsideration decision implied that the appellant was at fault. IAF, Tab 9 at 9-10.

[4] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

required documents with OPM, including the March 14, 2010 SSA award notice, but OPM "grossly neglected the handling of [her] case." *Id.* She argues that OPM caused an exceptionally lengthy delay in adjusting her annuity, failed to reply within a reasonable length of time in response to her inquiries regarding overpayment, failed to act expeditiously to adjust her annuity in the face of specific notice, and was otherwise grossly negligent in the handling of her case. *Id.* For these reasons, she asserts, she is entitled to a waiver.[5]

¶11    The appellant's arguments are unavailing. Generally, recovery is against equity and good conscience in the following circumstances: (1) it would cause financial hardship; (2) the annuitant can show that, because of the overpayment, she relinquished a valuable right or changed positions for the worse; or (3) recovery could be unconscionable under the circumstances. *Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010); 5 C.F.R. § 845.303. Individuals who know or suspect that they are receiving overpayments, however, are expected to set aside the amount overpaid pending recoupment. *Zucker*, 114 M.S.P.R. 288, ¶ 7. Absent exceptional circumstances, i.e., where collection would be unconscionable, recovery in these cases is not against equity and good conscience. *Id.*

¶12    The standard for finding collection to be unconscionable is high. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 9 (2012) (citing *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 7 (2008); *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549 (1989)). Because

---

[5] The appellant appended three documents to her petition for review. PFR File, Tab 1 at 4-6. Copies of two of these documents are already contained in the record of this appeal. *Id.* at 5-6; IAF, Tab 10, Items 3, 7. The third document, dated September 21, 2013, shows OPM's computation of the amount of the annuity overpayment. PFR File, Tab 1 at 4. A similar worksheet, dated August 19, 2016, is already in the record. IAF, Tab 9 at 68. None of these documents contain information of sufficient weight to change the outcome. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.115(a)(1).

unconscionability is generally defined in terms of broad, equitable considerations, the Board will consider all relevant factors using a "totality-of-the-circumstances" approach to determine whether recovery of an annuity overpayment is unconscionable in a given case. *Id.* Such circumstances may include, for example, the following: (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; and/or (4) OPM is otherwise grossly negligent in handling the case. *Aguon*, 42 M.S.P.R. at 550. The Board also will consider general principles of equity and fairness, such as misinformation given to the annuitant or the annuitant's personal limitations such as lack of education, physical or mental disability, or other factors that would make the collection of an overpayment manifestly unfair. *Id.* Exceptional circumstances, however, do not include financial hardship when an annuitant was required to set the overpayment aside. *Zucker*, 114 M.S.P.R. 288, ¶¶ 6-8.

¶13     Here, the delay between the appellant's notice of her SSA award and OPM's finalization of her annuity was 3 years and 6 months. The delay between her request for waiver and OPM's reconsideration decision was 2 years and 10 months.[6] The appellant, however, had received advance notice from OPM warning her that an overpayment would be possible in the event she started to receive Social Security benefits. IAF, Tab 9 at 99. OPM instructed her to set aside the amount overpaid pending recoupment. *Id.* at 97, 99. The appellant also

---

[6] The appellant argued before the administrative judge that collection of her debt was barred by the statute of limitations. On review, she argues that the administrative judge never apprised her of the applicable statute of limitations that would bar collection of her debt. PFR File, Tab 1 at 2. That is not the case. The administrative judge apprised the appellant of the applicable time limitations for the collection of overpayment debts, IAF, Tab 13 at 3, 5, and she later ruled that such limitations would not apply in this case, IAF, Tab 21.

likely believed that she was receiving an overpayment because she contacted OPM several times to request information about her overpayment status. *Id.* at 18, 25, 28. However, she simply did not set aside funds to apply to the overpayment as she had been instructed. *Id.* at 14, 21.

¶14    Although OPM's delays here have been somewhat lengthy, they would not trigger OPM's Delay-in-Response Rule, wherein recovery would be deemed inequitable automatically because OPM failed to issue a waiver or reconsideration decision within 4 years of a without-fault debtor's request for one. *Newcomb v. Office of Personnel Management*, 42 M.S.P.R. 552, 558 (1989). OPM issued its reconsideration decision less than 3 years after the appellant's October 15, 2013 request for a waiver. IAF, Tab 9 at 7-11, 17-18. During the delay, moreover, OPM communicated with the appellant, e.g., OPM asked her to update her FRQ. *Id.* at 12-15. The appellant has offered no evidence of gross or egregious errors or other exceptional circumstances in her case. *Cf., e.g.*, *Gordon v. Office of Personnel Management*, 689 F. App'x 977, 984-88 (Fed. Cir. 2017) (finding that repayment was unconscionable and against equity and good conscience when the annuitant was without fault, OPM delayed finalizing calculations for his annuity for 3 years, followed by a nearly 4-year in responding to his reconsideration request, and the delays affected his qualification for benefits from local and state agencies, and the Veterans Administration for which he would have likely qualified absent the overpayment).[7] Although the appellant described medical limitations in her 2016 FRQ, including knee problems that require her to use a walker, she has not submitted any evidence that her condition would increase her living costs or otherwise affect her ability to repay the debt. IAF, Tab 9 at 14.

¶15    The appellant asserts that the administrative judge gave too much consideration to the fact she had sold her home and too little consideration to her

---

[7] The Board may follow unpublished decisions of the U.S. Court of Appeals for the Federal Circuit when, as here, it finds the reasoning persuasive. *See Herring v. Department of the Navy*, 90 M.S.P.R. 165, ¶ 13 n.* (2001).

indebtedness and medical problems. PFR File, Tab 1 at 1-2. We find neither of these arguments to be persuasive. OPM regulations require us to consider an annuitant's current ability to repay the overpayment, rather than just her net worth. *Fusco v. Office of Personnel Management*, 42 M.S.P.R. 501, 505 (1989). Financial hardship may be deemed to exist in, but is not limited to, those situations when the annuitant needs substantially all of her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities. 5 C.F.R. § 845.304. The Board considers liquid assets to be those assets that are readily convertible into cash with little or no loss of value, such as cash on hand, checking accounts, savings accounts, certificates of deposit, mutual funds, and marketable securities. *Fusco*, 42 M.S.P.R. at 506 & n.5. Nonliquid assets include retirement accounts, *id.*, though real property also would be challenging to convert into cash with little or no loss of value. Nonliquid assets generally should not be considered as available for recovery. *Id.*; *see, e.g.*, *Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 138 (1991) (classifying the appellant's cash and mutual funds to be liquid assets available for recovery and his partnerships, insurance, and trust to be nonliquid assets unavailable for recovery), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992).

¶16        Here, the appellant's sale of her home converted a nonliquid asset to collectible liquid assets considerably in excess of the amount OPM considers unavailable for debt repayment, while at the same time reducing her monthly expenses by $764.27. ID at 9-10. When the appellant's current ordinary and necessary living expenses of $1,979.97 are subtracted from her current income of $2,764.00, the appellant is left with a monthly surplus of $784.03. ID at 10. Even after OPM deducts a monthly payment of $183.16, her monthly surplus is $600.87. *Id.* In these circumstances, the record does not show that the appellant needs substantially all of her current income and liquid assets exceeding $85,000 to meet her current ordinary and necessary living expenses. *Cf., e.g.*, *Martin*, 49 M.S.P.R. at 138-39 (finding that, although the appellant had a negative

monthly balance of $21.62, there was no evidence in the record that he needed all of his $41,200 in liquid assets to meet his current ordinary and necessary living expenses).

¶17     As for the appellant's allegation that the administrative judge failed to consider the personal information she listed on the 2016 FRQ, it is true that the administrative judge did not mention her knee problems described in Section X. IAF, Tab 9 at 14.  Nevertheless, the appellant has not offered medical or other evidence that would show these problems increased her monthly expenses.  *Cf., e.g.*, *Boone*, [119 M.S.P.R. 53](#), ¶ 10 (rejecting an appellant's argument that collection would be unconscionable given her medical condition in part because she "provided limited medical evidence below and no such evidence on review").[8]

¶18     The appellant also argues that OPM reduced the number of payments to 99 monthly installments of $183.16 in its reconsideration letter and that the initial decision does not reflect this reduction.  PFR File, Tab 1 at 2.  Her assertion is incorrect.  The reconsideration letter shows 294 monthly payments of $183.16, and a final installment of $120.96.  IAF, Tab 9 at 10.  Accordingly, we find that the appellant's arguments on review are unpersuasive.[9]  She has failed to show that the administrative judge erred in finding that there were no exceptional circumstances precluding OPM's recovery of the overpayment and that she was not entitled to an adjustment in the recovery schedule.[10]  We thus affirm the initial decision.[11]

---

[8] The appellant also asserts that the sum of her income on the 2016 FRQ includes the amount she was being overpaid.  PFR File, Tab 1 at 3.  She has not offered any evidence proving that assertion to be accurate.

[9] Although at one point it appeared that the parties' may have reached a settlement agreement that would resolve her appeal, the appellant subsequently elected to move forward with the adjudication of her appeal.  IAF, Tabs 18, 21.

[10] After the close of the record on review, the appellant filed an additional pleading, asserting that OPM deducted a repayment installment from her June 2017 annuity payment, despite the fact that her appeal was still pending before the Board.  PFR File, Tab 5.  She explains that she notified OPM of the error.  *Id.*  The appellant has not

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

explained how such a deduction is a basis for disturbing the initial decision. OPM corrected a similar error when this appeal was pending before the administrative judge. IAF, Tab 33, Tab 34 at 2.

[11] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party. A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as the representative of the estate if, for example, the representative fails to pay the United States before paying the claims of other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate. *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[13]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.